

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| OSVALDO MIGUEL PEREZ, | § | |
| | | No. 08-13-00024-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | Criminal District Court No. 1 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC#20120D01211) |
| | § | |

**O P I N I O N**

Osvaldo Miguel Perez appeals his conviction in three counts for: unlawful possession of cocaine with the intent to deliver; the unlawful possession of a firearm by a felon; and the unlawful possession of body armor by a felon. Appellant claims that Officer Harvel made false claims in his affidavit to show probable cause to support the warrant and that the trial court abused its discretion in denying his motion to suppress.

**FACTUAL SUMMARY**

On March 6, 2012, following a search of his home, Appellant was indicted for possession of cocaine, and for unlawful possession of a firearm and body armor. He filed a pretrial motion to suppress the evidence alleging that the warrant was obtained by the officer's false statements in the affidavit in violation of constitutional and state-law rights. The narcotics officer claimed falsely in the affidavit that he had purchased small baggies containing marijuana from Appellant's

residence. The State admitted that Officer Harvel made the false statement. The trial court denied the motion.

## ANALYSIS

The Fourth Amendment of the United States Constitution requires a finding of probable cause before a search warrant may be issued. *State v. Crisp,* 74 S.W.3d 474, 483-84 (Tex.App. -- Waco 2002, no pet.). To show probable cause and obtain a search warrant, narcotics officer Harvel stated in his affidavit that he had received reliable information from a confidential source that Appellant was trafficking narcotics from the named address. In support of his request for a "no-knock" warrant, Officer Harvel claimed falsely that he had purchased plastic baggies containing marijuana from Appellant at the suspected place and, based on his experience, he believed a delay of entry would allow time for the named party to destroy the marijuana. Harvel had never purchased drugs from Appellant. Appellant argues that without Officer Harvel's false statement, the affidavit lacked probable cause to issue a search warrant for Appellant's home.

In Appellant's sole issue, he contends that the State violated his Fourth Amendment rights against illegal search and seizure when officers searched his home without probable cause for the search warrant. He complains that the judge abused his discretion in denying the motion to suppress because, without the officer's false claim, the State lacked probable cause to obtain a search warrant.

The State counters that Appellant was not harmed by Harvel's false claim since a trained drug canine had previously alerted for drugs at the front door of the house. *See State v. Weaver,* 349 S.W.3d 521, 528 (Tex.Crim.App. 2011)(a positive alert by a certified drug dog is sufficient probable cause to search). Because the trained drug dog's positive reaction to drugs in the

2

residence provided sufficient probable cause to issue a search warrant without the officer's false statement, we find no reversible error in the judge's failure to grant the motion. We overrule the sole point and affirm the judgment of the trial court below.


                                        ANN CRAWFORD McCLURE, Chief Justice

December 19, 2014

Before McClure, C.J., Barajas, C.J. (Senior Judge), Chew, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge), sitting by assignment
Chew, C.J. (Senior Judge), sitting by assignment

(Do Not Publish)